J-S13006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRIAN TUDDLES | : | |
| | : | |
| Appellant | : | No. 2635 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 6, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003853-2018

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                **FILED AUGUST 13, 2021**

Appellant, Brian Tuddles, appeals from the judgment of sentence entered August 6, 2019, as made final by the denial of his post-sentence motion to withdraw his guilty plea on August 20, 2019.  Appellant's court-appointed counsel, Alexander Ward, Esq. ("Attorney Ward") filed an **Anders**[1] brief and an accompanying petition to withdraw.  We grant counsel's petition to withdraw and affirm the judgment of sentence.

A prior panel of this Court summarized the relevant factual and procedural history of this case as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967); **see also Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009) and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

On July 2, 2018, [A]ppellant twice punched the victim, his girlfriend, [Janice Graziano,] with a closed fist, causing the victim to sustain serious bodily injury. Appellant was charged with aggravated assault, terroristic threats, simple assault, and harassment.[2] On August 5, 2019, [A]ppellant proceeded to a trial by jury [represented by Timothy Prendergast, Esq. ("Attorney Prendergast") of the Northampton County Public Defender's Office]. After the victim testified, [A]ppellant opted to accept a negotiated plea agreement. On August 6, 2019, [A]ppellant entered his plea [of guilty to aggravated assault] and was sentenced by the trial court [to, *inter alia*, seven to 14 years' incarceration with credit for time served pursuant to the negotiated plea agreement]. No post-sentence motions were filed.

On August 12, 2019, [A]ppellant filed a *pro se* motion to withdraw his guilty plea. As [A]ppellant was represented by counsel, the trial court entered an order referring [A]ppellant's *pro se* motion to his counsel. [Attorney Prendergast] filed a timely petition to withdraw [Appellant's] guilty plea on August 15, 2019. The petition was denied by the trial court. []Trial court order, 8/20/19.[]

Appellant filed a timely notice of appeal. On September 6, 2019, the trial court ordered [A]ppellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel filed a timely "statement in lieu of 1925(b) statement[]" [pursuant to Pa.R.A.P. 1925(c)(4). On September 24, 2019, t]he trial court filed a statement pursuant to Pa.R.A.P. 1925(a), [declaring] that there were no allegations of error to address.

***Commonwealth v. Tuddles***, 2020 WL 2069960, *1 (Pa. Super. 2020) (unpublished decision) (footnote numbered as in original) (some citation omitted). Appellant's case was assigned to a panel, which determined that Attorney Prendergast's brief failed to comply with the requirements of

_____

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 2706(a)(1), 2701(a)(1), and 2709(a)(1), respectively.

*Anders*. *Id.* at \*2. Thus, in its April 29, 2020 memorandum decision, the panel retained appellate jurisdiction and directed Attorney Prendergast to file either an advocate's brief or a compliant *Anders* brief, together with a petition to withdraw, within 30 days of the date of the memorandum. *Id.* at \*3. Attorney Prendergast failed to respond within the required time period.

On November 24, 2020, Attorney Ward notified this Court that he replaced Attorney Prendergast as counsel to Appellant on this appeal. *See* Ward Letter, 11/24/20. He explained that Attorney Prendergast left the public defender's office, Attorney Ward was unable to contact Attorney Prendergast, Appellant's case file was missing, and Attorney Ward was coordinating with the District Attorney's office to obtain relevant case details. *Id.* Attorney Ward requested an extension of time to determine an appropriate course of action. *Id.* On December 2, 2020, the prior panel granted Attorney Ward's request and directed the Prothonotary's office to establish an updated briefing schedule and to assign this matter to a new panel of this Court. Per Curiam Order, 12/2/20.

Attorney Ward filed a petition to withdraw and an accompanying *Anders* brief. Within the *Anders* brief, Attorney Ward raised issues challenging the discretionary aspects of Appellant's sentence and the effectiveness of trial counsel, but ultimately concluded the appeal was wholly frivolous. Preliminarily, we address Attorney Ward's petition to withdraw and accompanying *Anders* brief.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order to withdraw pursuant to *Anders*, counsel must:

(1) petition the court for leave to withdraw[,] stating that after making a conscientious examination of the record[,] it has been determined that the appeal would be frivolous;

(2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or amicus curiae brief; and,

(3) furnish a copy of the brief to defendant and advise him [by letter] of his right to retain new counsel, proceed *pro se*[,] or raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005) (citation omitted) (some formatting edited). The *Anders* brief "must [meet] the requirements established by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349, 361 ([Pa.] 2009)." *Commonwealth v. Harden*, 103 A.3d 107, 110 (Pa. Super. 2014) (parallel citation omitted). Specifically, counsel's *Anders* brief must comply with the following requisites:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citation omitted).

Pursuant to *Millisock* and its progeny, counsel must provide a copy of the *Anders* brief to his or her client along with a letter advising the client of his or her rights moving forward. *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014); *Millisock*, 873 A.2d at 751. Counsel must attach a copy of the *Millisock* letter to his or her petition to withdraw. *See id.* at 752. Once counsel satisfies the above requirements, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5 (citation and quotation omitted); *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. . . . [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just

identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

Instantly, Attorney Ward satisfied the technical requirements of **Anders** and **Santiago**. In his **Anders** brief, counsel identified the pertinent factual and procedural history with appropriate citation to the record. Counsel identified possible challenges to the trial court denial of Appellant's motion to withdraw his guilty plea and to the discretionary aspects of sentencing that could arguably support an appeal but, ultimately, counsel concluded that the appeal is frivolous.[2] Counsel also attached to his petition a letter to Appellant fulfilling the notice requirements of **Millisock**.[3] Appellant has not filed a response to counsel's letter, the **Anders** brief, or the petition to withdraw. Accordingly, we proceed to conduct an independent review of the record to determine whether the appeal is wholly frivolous.

_____

[2] Attorney Ward also identified that Appellant may want to challenge the effectiveness of his trial counsel. **Anders** Brief at 14. Attorney Ward correctly concluded, however, that such challenge is not cognizable on direct appeal and must be raised on collateral relief. **See Commonwealth v. Radecki**, 180 A.3d 441, 471 (Pa. Super. 2018), citing **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002).

[3] Our review of the record confirms that, while Attorney Ward did not immediately attach the **Millisock** letter to his brief and petition submitted on March 13, 2020, he supplemented his filing three days later with the letter he mailed to Appellant.

Appellant claims that the trial court erred in denying his post-sentence request to withdraw his guilty plea. *Anders* Brief at 10. Appellant asserts that he was "rushed into pleading guilty by the trial court's threat to impose a maximum penalty of 15 to 30 years upon his conviction at trial." *Id.*; *see also id.* at 6 (Appellant "felt that his 'back was against a wall' and that he had been rushed into taking the plea").

This Court previously determined:

[o]ur law is clear that, to be valid, a guilty plea must be knowingly, voluntarily[,] and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to manifest injustice. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute manifest injustice.

A court accepting a defendant's guilty plea is required to conduct an on-the-record inquiry during the plea colloquy. The colloquy must inquire into the following areas:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

*Commonwealth v. Pollard*, 832 A.2d 517, 522-523 (Pa. Super. 2003) (internal citations and quotations omitted). A written plea colloquy may supplement an oral colloquy in demonstrating a voluntary plea. *Commonwealth v. Bedell*, 954 A.2d 1209, 1216 (Pa. Super. 2008), *citing Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa. Super. 2005); *see also* Pa.R.Crim.P. 590(A)(2), Comment ("[N]othing [] would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings. This written colloquy would have to be supplemented by some on-the-record oral examination.").

Furthermore,

[t]he longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

\*          \*          \*

A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

***Pollard***, 832 A.2d at 523–524 (internal citations omitted).

Our independent review of the record indicates that Appellant executed an in-depth written plea colloquy and underwent an extensive on-the-record plea colloquy. ***See*** N.T. Guilty Plea Hearing, 8/6/19, at 2-11; ***see also*** Guilty Plea Statement. Appellant testified that he understood that he had no obligation to enter the guilty plea. N.T. Guilty Plea Hearing, 8/6/19, at 5. Appellant affirmed that he was neither threatened nor promised anything in exchange for his plea, and that he had sufficient time to talk with counsel who provided satisfactory services. ***Id.*** at 6-7. Appellant further testified that, notwithstanding his failure to take prescribed medication that morning, he understood the nature of his guilty plea. ***Id.*** at 5 and 8. The trial court noted that he was "clear-headed," "looking me in the eye," and "answering all of my questions without hesitation or [the appearance of] confusion," thus the trial court determined Appellant tendered a knowing and intelligent waiver of his rights. ***Id.*** at 8-9. Appellant's counsel also confirmed his belief that Appellant understood the nature of his decision. ***Id.*** at 9. Appellant proceeded with his guilty plea and admitted to the underlying events supporting his pleaded charge.[4] ***Id.***

_____

[4] The facts supporting the guilty plea were stated as follows:

Commonwealth: Your Honor, on July 2nd, 2018, in Northampton County, [Appellant] did punch the victim, Janice Graziano, twice with a closed fist causing a left fractured orbital, [] a

*(Footnote Continued Next Page)*

- 9 -

at 11.  After the trial court imposed its sentence, Appellant attested to his understanding and acknowledged that it was the exact sentence negotiated in his agreement with the Commonwealth.  *Id.* at 17.

The record is devoid of any indication that Appellant's plea rose to a level of manifest injustice.  *Pollard*, *supra*.  The trial court ensured the voluntary and intelligent nature of Appellant's guilty plea through an extensive exploration of Appellant's mental health conditions, his understanding of his available options, and choice to plead guilty rather than proceed with the jury trial.  Based on the thorough, on-the-record colloquy and supporting written guilty plea statement signed by Appellant, the trial court found that Appellant entered his guilty plea knowingly, intelligently, and voluntarily.  Appellant cannot now contradict his testimony at the guilty

_____
*(Footnote Continued)*

> hemorrhage of the right temporal lobe[,] and a concussion.
>
> Trial Court: And that caused her to suffer serious bodily injury, lose at least three months of work, and she continues to suffer from some eyesight difficulty and some memory deficit.

N.T. Guilty Plea Hearing, 8/6/19, at 10.

When the Appellant hesitated to admit to these facts, the trial court explained that it could not accept the guilty plea absent sufficient facts to support the pleaded charge of aggravated assault. *Id.* at 11.  The trial court further explained that, should Appellant fail to admit sufficient supporting facts, the jury trial must resume.  *Id.*; *see* Pa.R.Crim.P. 590(A)(2), Comment (before accepting a plea, a judge must elicit information to establish a factual basis for the plea).

- 10 -

plea hearing with statements alleging that he felt his "back was against the wall" and he was "rushed" to enter his guilty plea by alleging threats by the trial court. *Pollard*, *supra*; *see also Anders* Brief at 6 and 10. Therefore, the trial court properly denied Appellant's petition to withdraw his guilty plea. *See Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009) (noting that courts discourage utilizing guilty pleas as a sentence-testing device). We conclude that Appellant's challenge to the trial court's refusal to permit the withdrawal of his guilty plea is frivolous.

In his *Anders* brief, Attorney Ward identified an issue challenging the discretionary aspects of sentencing for the trial court's imposition of the agreed-upon sentence. Appellant, however, knowingly waived this right as part of his negotiated guilty plea. *See* Guilty Plea Statement at 5 (answering "yes" to the written question "[d]o you understand that if your plea deal contains a negotiated sentence, you will not be able to challenge the discretionary aspects of sentencing on appeal?"). Moreover, our caselaw makes clear that "where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties," the defendant may not subsequently seek a discretionary appeal based thereon because it "would undermine the integrity of the plea negotiation process" by depriving the Commonwealth of its bargained-for penalty. *Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009). Any challenge to the trial court's discretion in accepting a completely negotiated plea, as here, is meritless.

- 11 -

We have independently considered the claims identified in counsel's *Anders* brief and determined that those claims are frivolous. Additionally, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2021